**VI'I PITA, Plaintiff/Counterdefendant**

**v.**

**MIRIAMA GARRETT and RICHARD GARRETT,
Defendants/Counterclaimants/Cross-Claimants**

**v.**

**TERRITORIAL REGISTRAR and SURVEY MANAGER
OF THE DEPARTMENT OF PUBLIC WORKS MEKO AIUMU,
Cross-Defendants.**

---

**TIMU LEVALE, on behalf of the TIMU FAMILY, Plaintiff**

**v.**

**RAY McMOORE, SESE McMOORE,
and IOANE FE`AFE`AGA, Defendants**

---

**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**HEIRS OF IOANE FE`AFE`AGA ENE, aka MAUGA FE`A ENE,
TOLANI TELESO FUGA, ELETISE MATAGI WOLMAN,**

SENOUEFA PRITT, TIMU LEVALE, on behalf of the TIMU
FAMILY, RAY McMOORE, SESE McMOORE, aka SESE PEKO
SAGAPOLU, VI'I PITA, PEARLITA CANDY FUAVAI,
TAUINAOLA LAUAMA, FIALE NIKO, aka SOVITA SUAFO`A,
SOVITA LIVING TRUST, MIRIANA GARRETT, AMERIKA
SAMOA BANK, and DOES 1-10, Defendants.

---

TERRITORIAL REGISTRAR, on behalf of the
HEIRS OF IOANE FEAFEAGA ENE, Claimants,

v.

TELESIA FE`A-FIAME, on behalf of the FE`A FAMILY,
ELETISE MATAGI WOLMAN, SENOUEFA PRITT,
TAUINAOLA LAUAMA, FUGA TOLANI TELESO,
VI'I PITA, FIALE LARSON, aka FIALE NIKO, aka SOVITA
SUAFOA, and SOVITA LIVING TRUST, Objectors

---

SINAVIANA M. ULUFALE, Administrator of the ESTATE OF
IOANE FE`AFE`AGA ENE, Claimant

v.

TELESIA FE`A FIAME, FA`AMOE I. HOLEWYNE,
AFOA L.S. LUTU, for and on behalf of PEARLITA FUAVAI,
MARSHALL ASHLEY, for and on behalf of ELETISE MATAGI
WOLMAN, SENOUEFA PRITT, TAUINAOLA LAUAMA,
FUGA TOLANI TELESO, VI'I PITA, FIALE LARSON,
aka FIALE NIKO, aka SOVITA LIVING TRUST, and
FE`AFE`AGA TAUAMO II, Objectors.

---

FA`AMAMAFA POLOAI and LUSI POLOAI, Intervenors.

High Court of American Samoa
Land and Titles Division

LT No. 14-93
LT No. 20-93
LT No. 10-95
LT No. 20-96
LT No. 01-98

November 2, 1999

Before RICHMOND, Associate Justice, TAUANU`U, Acting Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Vi`i Pita, and Defendants/Objectors Tolani Teleso Fuga, Eletise Matagi Wolman, Seriouefa Pritt, Tauinaola Lauama, Fiale Niko, Sovita Living Trust, and Objector Marshall Ashley, Marshall Ashley and David P. Vargas

For Defendants/Counterclaimants/Cross-Claimants Miriama Garrett and Richard Garrett, Defendant Ioane Fe`afe`aga Ene, Claimants Sinaviana M. Ulufale, Administrator, and Estate of Ioane Fe`afe`aga Ene, Charles V. Ala`ilima.

For Plaintiff American Samoa Government, Claimant/Cross-Defendant Territorial Registrar, and Cross-Defendant Survey Manager of the Department of Public Works Meko Aiumu, Fiti Sunia, Assistant Attorney General

For Plaintiff/Defendant Timu Levale, on behalf of the Timu Family, and Objector Fa`amoe I. Holewyne, Asaua Fu imaono

For Defendants Ray McMoore and Sese McMoore, Aitofele Sunia

For Defendant Pearlita Candy Fuavai and Objector Afoa L. Su`esu`e Lutu, Afoa L. Su`esu`e Lutu

For Defendant Amerika Samoa Bank, William H. Reardon

For Objectors Telesia Fe`a-Fiame and Fe`afe`aga Tauamo II, Tautai A.F. Faalevao

For Intervenors Fa`amamafa Poloai and Lusi Poloai, Katopau T. Ainuu

## ORDER DENYING MOTION FOR RECONSIDERATION OR NEW TRIAL

### Procedural History

The court's opinion and order deciding the first trial phase of these consolidated actions was entered on February 5, 1999. The opinion and order holds that the land within the bane Fe`a resurvey is the individually

owned land of bane Fe`a's estate, subject to the rights of ·bane Fe`a's successors in interest. On February 17, 1999, Timu Levale ("Timu"), on behalf of the Timu Family, filed a motion for reconsideration or new trial. On March 24, 1999, a hearing was held on this motion, attended by counsel Asaua Fuimaono, David P. Vargas, and Charles V. Ala`ilima.

On April 6, 1999, we directed counsel to submit written briefs within 60 days on the issue of whether the jurisdictional 10-day period for the motion runs from the entry date of the first trial phase or from the announcement of the judgment in the second trial phase. Counsel Fuimaono, Vargas, Ala`ilima, and Afoa L. Su`esu`e Lutu, submitted briefs to the court. However, only counsel Afoa addressed the issue of real concern to the court. Despite this general briefing failure, we have resolved this issue in Timu's favor.

## Discussion

We hold that Timu's motion for reconsideration or new trial is ripe for decision. The judgment in the first trial phase resolved an ultimate issue—that the land at issue was owned by the late bane Fe`a, and now bane Fe`a's estate, as individually owned land, subject to the rights of bane Fe`a's successors in interest. This question having been determined in favor of bane Fe`a's estate, we reasonably expect that the estate and bane Fe`a's successors in interest will diligently work to resolve most, if not all, their respective rights and obligations without the court's assistance. In numerous jurisdictions, a decision is final for purposes of appeal if it effectively ends litigation on the merits and leaves little for the court to do but execute the judgment. See United States v. Alabama, 828 F.2d 1532 (11th Cir. 1987); Peterson v. Lidner, 765 F.2d 698 (7th Cir. 1985). The first trial phase in this case dealt with this kind of central issue. The motion is therefore timely.

Deciding the motion for reconsideration or new trial at this point in the proceedings also satisfies the purpose behind waiting for a final judgment before appeal, as described in Williams v. Mumford, 511 F.2d 363 (D.C. Cir. 1975). Ruling on the motion now offers the advantage of expediting the final decision as to the ownership of the land at issue. Until the final decision on this issue is made, justice is effectively delayed for the ultimate prevailing party. Furthermore, piecemeal review will not be an obstacle in this case, because the conclusion of the first trial phase will essentially control the results of any subsequent proceedings through the doctrine of issue preclusion. In sum, the circumstances of this case overwhelmingly favor present resolution of the motion for reconsideration or new trial with respect to the judgment in the first trial phase.

We next turn to whether Timu met the time requirement for filing the

motion. A.S.C.A. § 43.0802(a) states that a motion for new trial "shall be filed within 10 days after the announcement of the judgment . . . ." In *Pal Air International, Inc. v. Samoa Aviation, Inc.,* 1 A.S.R.3d 1 (App. Div. 1997), the court held that T.C.R.C.P. 6(a) controls the calculation of the 10-day period. Under this rule, Timu filed his motion in the nick of time. The first trial phase judgment was announced when it was entered on February 5, 1999. Rule 6(a) states in part that for purposes of computing the 10-day period, "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Thus, the 10-day period began running the following day, February 6, 1999. The tenth day was February 15, 1999, a public holiday this year. Under Rule 6(a), the period was therefore extended to February 16, 1999, the day when Timu filed his motion for reconsideration or new trial with the court.

■ Ioane Fe`a's estate argues that Timu's filing was incomplete until February 17, 1999 when Timu noticed the parties of the motion and hearing on the motion, and was thus untimely filed. However, A.S.C.A. § 43.0802(a) only requires that a motion for new trial be filed within the 10-day period. It does not mention service of notice of the motion or the hearing on the motion--or, for that matter, filing a supporting memorandum of points and authorities on the substantive issues raised. Thus, Timu satisfied the plain language of the statute by filing his motion on February 16, 1999, the last day of the 10-day period.

Notice of the motion and hearing, as well as written arguments on the issues presented, are essential to supply opposing parties and the court with ample time and material with which to prepare for the hearing on the motion. However, bane Fe`a's estate does not contend, and we do not presume, that Timu deprived any party of due process or other rights by noticing the motion and hearing one day after the motion was filed.

Lastly, having considered the counsel's arguments on the merits of the issues involved, we turn to the substance of Timu's motion for reconsideration or new trial. In short, Timu raises issues that were properly and adequately addressed by our opinion and order of February 5, 1999. Thus, we will deny the motion without further elaboration on these issues.

### Order

Timu's motion for reconsideration or new trial is denied.

It is so ordered